This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42107**

**STATE OF NEW MEXICO,**

　　　　Plaintiff-Appellee,

v.

**ERICK MARTINEZ,**

　　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Mallory E. Harwood, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** Defendant was charged with six counts, including two counts of third-degree criminal sexual penetration (CSP), contrary to NMSA 1978, Section 30-9-11(F) (2009). A jury returned guilty verdicts on all counts, and Defendant appeals the two CSP convictions, arguing that the circumstantial evidence presented at trial was insufficient to establish the elements of third-degree CSP. We disagree and affirm, because a

reasonable jury could conclude from the evidence that Defendant, by physical force or violence, unlawfully caused an object to be inserted into Victim's anus and genital opening. *See* UJI 14-944 NMRA (describing the elements of CSP in the third degree).

**DISCUSSION**

**{2}** Because this is a memorandum opinion, we omit a background section and offer only the factual detail necessary to conduct our analysis. As we have noted, Defendant challenges the sufficiency of the evidence supporting the verdict, and for such a review, "we resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Baroz*, 2017-NMSC-030, ¶ 9, 404 P.3d 769. (internal quotation marks and citation omitted). When reviewing for sufficiency of the evidence, the particular jury instructions presented at trial "become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517 (internal quotation marks and citation omitted).

**{3}** In relevant part, the jury in the present case was instructed that to establish the two counts of third-degree CSP, the State was required to prove beyond a reasonable doubt that (1) Defendant "caused the insertion, to any extent, of any object, into" for Count 2, Victim's "vulva," and for Count 3, Victim's anus; (2) Defendant "used physical force or violence"; and (3) "[D]efendant's act was unlawful." *See* UJI 14-944. The jury was also instructed that to be unlawful, the penetration "must have been without consent and to intrude upon the bodily integrity or personal safety of" Victim. *See* UJI 14-132 NMRA (defining unlawfulness). Defendant argues that the evidence did not establish that an object was inserted into either orifice, that Defendant was the person who caused any object to be inserted into Victim's orifices, or that the insertion was unlawful, i.e., not consensual. In the context of Defendant's arguments, we evaluate whether "substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *See Baroz*, 2017-NMSC-030, ¶ 9 (internal quotation marks and citation omitted).

**{4}** The evidence supported a conclusion that an object was forcefully inserted into two of Victim's orifices. The jury heard testimony from a forensic pathologist and a sexual assault nurse examiner (SANE). The pathologist testified about Victim's extensive and severe injuries to the vagina and anus and described the injuries as having been caused by "blunt trauma." Because Victim's cause of death suggested homicide and potential strangulation, the pathology team performed a sexual assault examination. In that examination, the pathologist found extensive bruising inside and outside of Victim's vagina and anus. The SANE testified that the bruising and tearing on the inside of Victim's vagina and anus was consistent with penetration by an object. In the SANE's opinion, the injuries would have been painful, and she "would be very surprised" if the bruising on the inside of the vagina and anus had not been caused by a penetration. From this evidence, the jury could reasonably conclude that Victim was injured by the forceful insertion of an object into her vagina and anus.

**{5}** The State further provided sufficient evidence for the jury to conclude that Defendant caused an object or objects to penetrate Victim. Defendant argues that "no evidence" permitted the jury "to reasonably infer that [Defendant], not someone else, inserted an unidentified object into either orifice." If however, "the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393. With this in mind, we turn to the evidence that supports the verdict.

**{6}** The evidence was sufficient to demonstrate that Defendant was the person who penetrated Victim. The jury viewed text messages and pictures sent from Victim's phone to a third party. The pictures showed Victim's shirtless body lying in bed and the text messages read in part, "answer or I will go kill you look [wh]at happens [to] my mom." During the police interview, Defendant admitted to having sent the pictures of Victim and the threatening messages. Also during the interview, Defendant admitted to having argued with Victim at her house the night before her body was discovered. Defendant explained that Victim's extensive injuries happened when he "pushed her" and attempted CPR, and he admitted to having thrown water on her "to bring her back" and having changed her clothes. But the pathologist testified that even though the science of "aging" bruises is controversial, medical professionals generally accept that the color of a bruise can indicate whether the bruise is older or more recent. The jury viewed photographs of Victim's bruises and could reasonably have inferred that all of the bruises were similarly colored and therefore, were inflicted at the same time. Thus, we disagree with Defendant's argument that the jury would have been required to speculate about the timing of the bruises. Instead, based on this evidence, the jury could have inferred from Defendant's admission to causing some of Victim's injuries that he caused all of them, because the evidence suggested that they all occurred at the same time. *See State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 ("We do not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence and we do not weigh the evidence or substitute our judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." (alterations, internal quotation marks, and citation omitted)).

**{7}** Finally, the circumstantial evidence established that the penetrations were not consensual and were therefore unlawful. *See* UJI 14-132. As we have explained, the jury could reasonably infer that all of the elderly Victim's injuries were sustained in the course of one painful and violent attack by Defendant, her son. *See State v. Garcia*, 2016-NMSC-034, ¶ 16, 384 P.3d 1076 ("Circumstantial evidence may be used to establish an element of a crime." (internal quotation marks and citation omitted)). From this, the jury could reasonably infer that Defendant's forceful penetrations of Victim with an object were not consensual.

**CONCLUSION**

**{8}** We affirm.

**{9}** IT IS SO ORDERED.

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**J. MILES HANISEE, Judge**